UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LINDA RIZZO-RUPON,** *et al.*, | Civ. No.: 2:19-cv-00221 |
| Plaintiffs, | **OPINION** |
| v. | |
| **INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action, Plaintiffs ask the Court to hold that Section 2 Eleventh of the Railway Labor Act ("RLA"), 45 U.S.C. § 152 Eleventh, which preempts state law prohibiting covered unions from entering into agreements providing for agency fees, is unconstitutional under the First and Fifth Amendments. For the reasons set forth below, the Court declines to do so. Consequently, Plaintiffs fail to state a claim upon which relief can be granted. Defendants' Motion to Dismiss, ECF No. 9, is **GRANTED**.

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Linda Rizzo-Rupon, Susan Marshall, and Noemieo Oliveira work as passenger service employees for United Airlines at Newark Liberty International Airport. Compl., ECF. No. 1 ¶¶ 1, 8-10. Defendants are the International Association of Machinists and Aerospace Workers, AFL CIO, IAM District Lodge 141, and IAM Local Lodge 914 ("the Union Defendants"). *Id.* at ¶¶ 11-13. Although not members of the Union Defendants, Plaintiffs are covered by the collective bargaining agreement between United Airlines and IAM Local Lodge 914 entitled Passenger Service Employees 2016-2021 ("the Agreement"). *Id.* at ¶¶ 8-10, 20, Compl. Exs. 2, 3, 5. The collective bargaining relationship between United and the Union Defendant is governed by the Railway Labor Act, 45 U.S.C. § 151, *et. Seq.* Compl. ¶ 11.

Pursuant to Article 8(B)(1) of the Agreement, employees are not required to become members of the Union, but they are required to pay "service fees," also know as agency fees, to the Union equal to monthly membership dues. *See* Compl. Exs. 3, 5. Additionally, nonmember agency fee payers may become "dues objectors" and pay a reduced fee rate

for expenses only directly related to collective bargaining matters. Compl. Ex. 5, pp. 3, 5. The parties agree that New Jersey has not enacted a "right-to-work" law—that is, a prohibition on unions from negotiating contracts with employers that require all members who benefit from the union contract to contribute to the costs of union representation. *See* Def.'s Mot. 7; Pls'. Resp. 2.

Plaintiffs filed suit on January 8, 2019. ECF No. 1. Defendants filed their Motion to Dismiss on June 3, 2019. ECF No. 9. Plaintiffs' response deadline was delayed to allow the United States Attorney General to intervene if he chose to do so. ECF No. 16. The Attorney General did not do so. ECF No. 17. Plaintiffs filed their opposition on September 24, 2019. ECF No. 26. Defendants filed their reply on October 8, 2019. ECF No. 28.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). "A Rule 12(b)(6) dismissal is appropriate if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

## III.   DISCUSSION

Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim. Plaintiffs bring a First Amendment free speech challenge to the agency-fee provisions of the Railway Labor Act, 45 U.S.C. § 152 Eleventh, and argue that the Supreme Court's decision in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018) requires that this Court find agency fees are unconstitutional as to employs covered by the Railway Labor Act. Plaintiffs ask for an injunction restraining the Union Defendants from forcing Plaintiffs to financially support the Union Defendants as a condition of employment and to award damages. Compl. 8-9. Defendants argue, in essence, that (1) Plaintiffs' First Amendment claims must fail because Defendants are not state actors and (2) even if Defendants were state actors, the Supreme Court's decision in *Railway Employees' Dept. v. Hanson*, 351 U.S. 225 (1956), upholding Section 2 Eleventh against an identical constitutional challenge, is binding on this Court. The Court addresses each argument.

   A.   **State Action Doctrine**

The first issue is whether the Union Defendants, by entering into the Agreement providing for agency fees under Section 2 Eleventh of the RLA, have engaged in state

action sufficient to raise a free speech claim. The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging freedom of speech." U.S. Const. amend. I. The Free Speech Clause prohibits only governmental abridgement of speech, not private abridgment of speech. *See Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) ("By enforcing [the] constitutional boundary between the governmental and the private, the state-action doctrine protects a robust sphere of individual liberty."). "[A] private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function . . . (ii) when the government compels the private entity to take a particular action . . . or (iii) when the government acts jointly with the private entity." *Id.* (internal citations omitted).

Plaintiffs do not contend that the Union Defendants fall into any of these categories. Rather, they argue that the Supreme Court's conclusion in *Hanson* that state action was present sufficient to reach the merits of employee-plaintiffs' free speech challenge to Section 2 Eleventh of the RLA, also follows from the facts of this case. The Supreme Court in *Hanson* found that state action was present because, although Section 2 Eleventh did not require private sector unions and employers to enter agreements providing for agency fees, it preempted Nebraska's right-to-work law. *See* 351 U.S. at 231-32. The *Hanson* Court explained that "[i]f private rights are being invaded, it is by force of an agreement made pursuant to federal law which expressly declares that state law is superseded." *Id.* at 233. This was sufficient for state action.

The parties agree that New Jersey has no right-to-work law. Consequently, because no New Jersey law is preempted by Section 2 Eleventh of the RLA, Plaintiffs possess no private rights implicated by the RLA. *Id.* at 232. The Third Circuit in *White v. Communication Workers of America* recognized that preemption of a contrary state law by federal law was central to the *Hanson* Court's finding of state action in the RLA context. 370 F.3d 346, 353 (2004). The Supreme Court's decision in *Janus* concerned only public sector unions and did not alter this logic. 138 S. Ct. 2448, 2479 (noting that "*Abood* [*v. Detroit Board of Education*, 431 U.S. 209 (1977)] failed to appreciate that a very different First Amendment question arises when a State *requires* its employees to pay agency fees."). Plaintiffs appear to argue that state action arises because the RLA preempts other states' right-to-work laws. Pls' Resp. 14. This argument is without merit. Plaintiffs in this matter, unlike in *Hanson*, do not argue that they possess a right-to-work consistent with any states' law, let alone the one wherein they are employed.

The agency fee provision at issue in this case is solely the result of a negotiated agreement between private parties—the Union Defendants and United Airlines. Section 2 Eleventh of the RLA permits, but does not compel, private parties to engage in negotiation for contracts that include an agency fee provision. New Jersey does not prohibit such negotiations. There is no state action upon which to premise a First Amendment free speech claim.

3

B. *Railway Employees' Department v. Hanson* **is Binding on This Court**

The Supreme Court in *Hanson* upheld the constitutionality of Section 2 Eleventh of the RLA, stating explicitly "that the requirement for financial support of the collective-bargaining agency by all who receive the benefits of its work is within the power of Congress under the Commerce Clause and does not violate either the First or the Fifth Amendments." 351 U.S. at 238. Plaintiffs claim that the Supreme Court's decision in *Janus* overruled the Court's holding in *Hanson* and requires a finding that "agency fees are unconstitutional in the Railway Labor Act context." Compl. ¶ 32.

*Janus* did not overrule *Hanson*. *Janus* applies to public sector employees, not private sector employees. *See Janus*, 138 S. Ct. at 2476, 2473 (public-sector fees involve "the government . . . compel[ling] a person to pay for another party's speech," on matters involving "the budget of the government" and "the performance of government services"). The Court in *Janus* specifically differentiated between *Hanson*, which "involved Congress's '*bare authorization*' of *private-sector* union shops under the Railway Labor Act," and *Abood*, "which failed to appreciate that a very different First Amendment question arises when a State requires its employees to pay agency fees." *Id.* at 2479. With respect to a non-consenting employee, the Court held, "this arrangement [in the public sector] violates the free speech rights of nonmembers by compelling them to subsidize private speech on matters of substantial public concern." *Id.* at 2460. In short, *Janus* stands for the limited proposition that when a government entity and labor organization agree to require government employees to pay agency fees, the First Amendment is implicated in ways dramatically distinct from when agency fees are agreed to in the private sector. Because Plaintiffs here all work for a private company—United Airlines—*Janus* has no application.

Even if it could be argued that the legal reasoning behind binding precedent has been called into doubt by another line of cases, dismissal is still required. *See Rodriguez de Quijas v. Shearson/American Express Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). The parties agree that "it may be . . . that the Supreme Court will eventually overturn its prior holding . . . but the Supreme Court is the only body that can make that determination." Pls.' Resp. 15; Defs.' Reply 10. Because this Court is bound by the Supreme Court's decision in *Hanson* and its recent decision in *Janus* did not overrule *Hanson*, this Court declines to hold that Section 2 Eleventh of the Railway Labor Act ("RLA"), 45 U.S.C. § 152 Eleventh, is unconstitutional under the First and Fifth Amendments.[1]

---

[1] Plaintiffs' failure to mention their Fifth Amendment claim in their Response to Defendants' Motion to Dismiss constitutes abandonment and provides an alternative

4

## IV. CONCLUSION

Because Plaintiffs' First Amendment claims fail as a matter of law, they fail to state a claim upon which relief can be granted under Rule 12(b)(6). Defendants' Motion to Dismiss is **GRANTED**. Plaintiffs' Cross-Motion for Declaratory Judgment, ECF No. 26, is **DENIED**. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**Dated: December 16, 2019**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

---

ground for dismissal of that claim. *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) (holding that a single conclusory statement in a brief without more results in waiver of the argument); *see also Batchelor v. Procter & Gamble Co.*, No. 14–2424, 2014 WL 6065823, at *6 (D.N.J. Nov. 13, 2014) (Court dismissed an ambiguous claim for breach on express warranty where plaintiff failed to address the "ambiguity in their Opposition Brief, despite Defendant's contention in support of the motion").